This is an action to recover damages to a truck owned by plaintiff, driven by his employee, resulting from a collision with a DW-10 tractor and trailer heavily loaded with gravel, owned by the Braswell Sand Gravel Company, defendant's assured.
The accident occurred on a private road leading from the Minden-Sibley highway to the gravel pit operated by the Braswell Company. This private road is shown to have been above the average in width, except for a short distance at and near the scene of the accident where the road narrows on either side of a one-way bridge. The bridge is about 18 feet in length and the narrow portion of the road, which renders the passage of vehicles impossible, extends for a distance of some 20 yards, more or less, on either side of the bridge. On the day of the accident, September 27, 1947, plaintiff's truck was being driven by his employee, one Billy Allen, to the Braswell pit for the purpose of obtaining a load of gravel. It is definitely established that Allen was familiar with the private road to the gravel pit and that he had been warned to maintain a careful lookout for loaded gravel trucks which were, by well established custom, accorded right-of-way on said road. Despite this warning, notwithstanding the fact that there is some considerable confusion and conflict in the testimony of the witnesses, we think it is clear that Allen did not observe the approach of the loaded gravel truck until he was within a short distance from the end of the narrow bridge. At the time the tractor had actually entered upon the bridge, Allen brought his truck to a complete stop within some 20 to 25 feet from the end of the bridge. It is evident he realized his position of danger for he testified that he was attempting to change gear in order to back his truck when he was struck head-on by the tractor.
Concededly, the only question involved in this case is one of fact. After trial, for reasons assigned in written opinion, there was judgment in favor of defendant rejecting the demands of plaintiff, from which plaintiff has brought this appeal. *Page 338 
It is quite clear that the learned trial Judge based his judgment on a finding of negligence of the driver of plaintiff's truck. If this holding is correct, of course, the issue of negligence vel non on the part of Braswell Company's truck driver is unimportant since the contributory negligence of plaintiff's driver would prevent recovery.
Careful examination of the record convinces us that the judgment is correct, and we find no error, manifest or otherwise, on the part of the District Judge. As we have above observed, the driver of plaintiff's truck was negligent in that he disregarded the warning to maintain a careful lookout. It is established that the road was open for a considerable distance; there was no obstruction to the view, and there was no reason why he could not have observed the approach of the heavily loaded gravel hauling unit at a sufficient distance to have permitted bringing his truck to a stop before entering upon the narrow portion of the road. Despite the conflict of testimony, these facts are established in the testimony of plaintiff's driver himself. Obviously, they constitute negligence and conclusively bar recovery by plaintiff.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.